IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES GARRY STOVALL and
REGINA STOVALL, his wife,

    Plaintiffs,

CASE NO.: 3:09-cv-835-J-34-JRK

vs.

H.C. HEALTHCARE, INC., a Florida
corporation d/b/a TRINITY COMMUNITY
HOSPITAL,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs JAMES GARRY STOVALL and REGINA STOVALL, his wife, by and through undersigned counsel, file this Complaint against Defendant H.C. HEALTHCARE, INC. a Florida corporation d/b/a TRINITY COMMUNITY HOSPITAL, and allege as follows:

### Jurisdiction and Venue

1.    Plaintiffs JAMES GARRY STOVALL and REGINA STOVALL are residents of Warner Robins, Houston County, Georgia.

2.    At all times material hereto, Plaintiff REGINA STOVALL has been the lawful wife of Plaintiff JAMES GARRY STOVALL.

3.    At all times material, Defendant H.C. HEALTHCARE, INC. was a Florida corporation duly organized under the laws of the State of Florida with its principal place of business in Jasper, Hamilton County, Florida and doing business under the fictitious name TRINITY COMMUNITY HOSPITAL. Defendant H.C. HEALTHCARE, INC. will be hereinafter referred to as "Defendant" or "TRINITY COMMUNITY HOSPITAL".

4. This Court has jurisdiction over this matter under 28 U.S.C. §1332(a). The matter in controversy exceeds the sum of $75,000.00, exclusive of interest or costs, and the parties are citizens of different states.

5. As this action arises under 42 U.S.C. §1395dd, the Emergency Medical Treatment and Active Labor Act (EMTALA), this Court also has jurisdiction of the claim pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

6. Venue is proper under 28 U.S.C. §1391. This matter has been brought in the judicial district where Defendant resides and in which a substantial part of the events or omissions giving rise to the claim occurred. Pursuant to 28 U.S.C. §1391(c), Defendant is subject to personal jurisdiction in the United States District Court for the Middle District of Florida, Jacksonville Division.

7. At all times material hereto, Defendant TRINITY COMMUNITY HOSPITAL conducted business and maintained an emergency department at 506 4th Street, N.W, City of Jasper, County of Hamilton, State of Florida as set forth in 42 U.S.C. §1395dd and Florida Statutes, Sections 395.1041(3)(a) and 395.002. At all times material hereto, Defendant has had a provider agreement with the United States Secretary of Health and Human Services pursuant to 42 U.S.C. §1395cc and was a participating hospital pursuant to 42 U.S.C. §1395(e)(2).

8. All conditions precedent for the filing of this action either have been performed or have occurred, or have been waived, prior to the filing of this action.

### General Allegations

9. On or about August 5, 2007 Plaintiff JAMES GARRY STOVALL was driving north with Plaintiff REGINA STOVALL on U.S. Highway 41, approximately ten (10) minutes from Jasper, Florida, when he stopped to inspect his vehicle on the side of the roadway.

10. During the inspection, Plaintiff JAMES GARRY STOVALL was bitten by a poisonous snake. When Plaintiff grabbed the snake, it excreted additional venom on Plaintiff's hand via a spitting method. Plaintiffs immediately headed to Jasper, Florida in search of a hospital emergency room for examination and treatment. On the way to Jasper, Plaintiff began experiencing physical symptoms including without limitation shortness of breath, heart palpitations, and joint stiffening.

11. Plaintiff JAMES GARRY STOVALL arrived at TRINITY COMMUNITY HOSPITAL and presented to medical personnel, explained the circumstances of the snake bite and his physical symptoms, and requested an examination, treatment and/or emergency medical services and care.

12. At all times material hereto, the medical personnel to whom Plaintiff JAMES GARRY STOVALL presented were employees, agents, apparent agents, servants, staff, or contractors for Defendant TRINITY COMMUNITY HOSPITAL and were acting within the course and scope of their employment, agency, apparent agency, staff privileges, or contractual duties.

13. Upon information and belief, Yong A. Park, M.D., was one of the medical personnel to whom Plaintiff JAMES GARRY STOVALL presented. At all times material hereto, Dr. Park was a medical doctor licensed by the State of Florida, and was an employee, agent, apparent agent, servant, staff member or contractor for Defendant TRINITY COMMUNITY HOSPITAL and was acting within the course and scope of his employment, agency, apparent agency, staff privileges, or contractual duties.

14. The medical personnel actually laughed in response to Plaintiff JAMES GARRY STOVALL's description of his injury. They did not respond to his request for examination,

treatment and/or emergency medical services and care nor did they make any attempt to stabilize Plaintiff. Instead, they told Plaintiffs JAMES GARRY STOVALL and REGINA STOVALL that TRINITY COMMUNITY HOSPITAL did not have anti-venom and that he would have to seek medical treatment in Valdosta, Georgia. They did not offer to provide emergency transportation to an appropriate medical facility in Valdosta or otherwise offer assistance.

15. Plaintiffs left TRINITY COMMUNITY HOSPITAL and started driving the approximately 36 miles to Valdosta, Georgia. However, shortly after Plaintiffs left TRINITY COMMUNITY HOSPITAL, Plaintiff JAMES GARRY STOVALL's symptoms worsened and Plaintiff REGINA STOVALL telephoned Emergency Rescue by dialing 9-1-1.

16. Emergency rescue personnel arrived shortly thereafter, stabilized Plaintiff JAMES GARRY STOVALL and subsequently transferred him by Life Flight helicopter to Shands Jacksonville Medical Center in Jacksonville, Florida, where he was admitted and treated.

## COUNT I
## FAILURE TO PROVIDE APPROPRIATE MEDICAL SCREENING
## VIOLATION OF 42 U.S.C. §1395dd(a)
## (Plaintiff JAMES GARRY STOVALL)

17. Plaintiffs adopt and incorporate by reference all the allegations set forth in the Paragraphs 1 through 16, and further allege:

18. When Plaintiff JAMES GARRY STOVALL presented to medical personnel at TRINITY COMMUNITY HOSPITAL, Defendant was required under 42 U.S.C. §1395dd(a) to provide for an appropriate medical screening examination to determine if an emergency medical condition existed.

19. Defendant TRINITY COMMUNITY HOSPITAL failed to conduct any medical screening examination of Plaintiff JAMES GARRY STOVALL whatsoever. Defendant's failure

to conduct an appropriate medical screening demonstrated a reckless disregard for the consequences so as to affect the life and health of Plaintiff JAMES GARRY STOVALL.

20. As a direct and proximate result of Defendant TRINITY COMMUNITY HOSPITAL's failure to provide for an appropriate medical screening examination, Plaintiff JAMES GARRY STOVALL suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, inconvenience, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing physical condition. These losses are permanent and continuing, and Plaintiff will suffer them in the future.

WHEREFORE, Plaintiff JAMES GARRY STOVALL demands judgment for compensatory damages and punitive damages, together with court costs and interest, against Defendant TRINITY COMMUNITY HOSPITAL, demands a jury trial on all issues so triable, and seeks such other relief as the Court may deem just and proper under the circumstances.

## COUNT II
## LOSS OF CONSORTIUM
## (Plaintiff REGINA STOVALL)

21. Plaintiff REGINA STOVALL adopts and incorporates by reference all the allegations set forth in the Paragraphs 1 through 20 as though herein alleged.

22. As a result of the injuries to her husband, Plaintiff JAMES GARRY STOVALL, Plaintiff REGINA STOVALL has lost and been deprived of the care, comfort, society, companionship, attention, consortium, and services of her husband.

23. All conditions precedent for the filing of this cause of action either have been performed or have occurred, or have been waived.

WHEREFORE, Plaintiff, REGINA STOVALL demands judgment for compensatory damages and punitive damages, together with court costs and interest, against Defendant TRINITY COMMUNITY HOSPITAL, requests a trial by jury on all issues so triable, and seeks such other relief as the Court may deem just and proper under the circumstances.

## COUNT III
## FAILURE TO PROVIDE STABILIZING TREATMENT OR TRANSFER VIOLATION OF 42 U.S.C. §1395dd(b)-(c)
## (Plaintiff JAMES GARRY STOVALL)

24. Plaintiffs adopt and incorporate by reference all the allegations set forth in the Paragraphs 1 through 20, and further allege:

25. Defendant was required under 42 U.S.C. §1395dd(b) to determine whether Plaintiff JAMES GARRY STOVALL had an emergency medical condition, and then to provide him with either such further medical examination and such treatment as required to stabilize the medical condition, or to transfer him to another medical facility in accordance with 42 U.S.C. §1395dd(c).

26. Defendant TRINITY COMMUNITY HOSPITAL failed to provide **any** further medical examination and treatment within the staff and facilities available at the hospital to stabilize Plaintiff JAMES GARRY STOVALL's medical condition. Defendant's failure to provide such further medical examination and treatment demonstrated a reckless disregard for the consequences so as to affect the life and health of Plaintiff JAMES GARRY STOVALL.

27. Defendant did not at any time offer Plaintiff JAMES GARRY STOVALL further medical examination and treatment or inform Plaintiffs as to the risks and benefits to Plaintiff JAMES GARRY STOVALL as to any such examination and treatment, and at no time did Plaintiffs refuse to consent to any such examination and treatment. Defendant refused to examine

or treat Plaintiff JAMES GARRY STOVALL or admit him, and instead directed him to Valdosta, Georgia.

28. Additionally, Defendant TRINITY COMMUNITY HOSPITAL failed to transfer Plaintiff JAMES GARRY STOVALL to another medical facility in accordance with 42 U.S.C. §1395dd(b)-(c). Defendant's failure to transfer demonstrated a reckless disregard for the consequences so as to affect the life and health of Plaintiff JAMES GARRY STOVALL.

29. At no point did Defendant offer Plaintiff JAMES GARRY STOVALL a transfer to another medical facility or inform Plaintiffs as to the risks and benefits to Plaintiff JAMES GARRY STOVALL as to any such transfer, and at no point did Plaintiffs refuse to consent to any such transfer. Defendant did not take all reasonable steps to secure Plaintiff's written informed consent to refuse such transfer.

30. Defendant TRINITY COMMUNITY HOSPITAL's failure to transfer in accordance with 42 U.S.C. §1395(c) included without limitation the following:

a. Defendant did not inform Plaintiffs as to its obligations under 42 U.S.C. §1395dd or as to the risk of transfer, and did not seek written consent to transfer, and Plaintiff did not offer written consent to a transfer;

b. Defendant did not obtain a signed physician certification pursuant to 42 U.S.C. §1395(c)(1)(A)(ii) or 42 U.S.C. §1395(c)(1)(A)(iii) which provided that the medical benefits reasonably expected from the provision of appropriate medical treatment at another medical facility outweighed the increased risks to Plaintiff;

c. Defendant did not conduct an appropriate transfer pursuant to 42 U.S.C. §1395(c)(2).

d. Defendant did not provide qualified personnel and transportation equipment to effect a transfer;

e. Defendant did not provide necessary and medically appropriate life support measures for transfer;

31. As a direct and proximate result of Defendant TRINITY COMMUNITY HOSPITAL'S above-referenced failures, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing physical condition. These losses are permanent and continuing, and plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff JAMES GARRY STOVALL demands judgment for compensatory and punitive damages, together with court costs and interest, against Defendant TRINITY COMMUNITY HOSPITAL, demands a jury trial on all issues so triable, and seeks such other relief as the Court may deem just and proper under the circumstances.

### COUNT IV
### LOSS OF CONSORTIUM
### (Plaintiff REGINA STOVALL)

32. Plaintiff REGINA STOVALL adopts and incorporates by reference all the allegations set forth in the Paragraphs 1 through 20 and 24 through 31 as though herein alleged.

33. As a result of the injuries to her husband, Plaintiff JAMES GARRY STOVALL, Plaintiff REGINA STOVALL has lost and been deprived of the care, comfort, society, companionship, attention, consortium, and services of her husband.

34. All conditions precedent for the filing of this cause of action either have been performed or have occurred, or have been waived.

WHEREFORE, Plaintiff, REGINA STOVALL demands judgment for compensatory and punitive damages, together with court costs and interest, against Defendant TRINITY COMMUNITY HOSPITAL, requests a trial by jury on all issues so triable, and seeks such other relief as the Court may deem just and proper under the circumstances.

### COUNT V
### FAILURE TO PROVIDE EMERGENCY MEDICAL SERVICES AND CARE VIOLATION OF FLORIDA STATUTES §395.1041
### (Plaintiff JAMES GARRY STOVALL)

35. Plaintiffs adopt and incorporate by reference all the allegations set forth in the Paragraphs 1 through 16, and further allege:

36. Defendant was required under Florida Statutes Section §395.1041 to render emergency medical services and care to Plaintiff JAMES GARRY STOVALL when he presented to the Defendant TRINITY COMMUNITY HOSPITAL and requested emergency medical services and care on or about August 5, 2007.

37. Defendant TRINITY COMMUNITY HOSPITAL, through its employees, agents, apparent agents, staff members, servants, or contractors, failed to provide emergency medical services and care when Plaintiff JAMES GARRY STOVALL requested such services and care. Defendant's failure demonstrated a reckless disregard for the consequences so as to affect the life and health of Plaintiff JAMES GARRY STOVALL. Defendant's failure to provide emergency medical services and care through its employees, agents, apparent agents, staff members, servants, or contractors included without limitation the following:

   a. Defendant did not provide emergency medical services and care or transfer Plaintiff to another hospital with the requisite service capability or service capacity;

   b. Defendant did not screen, examine, or evaluate Plaintiff to determine if Plaintiff was suffering from an emergency medical condition;

c. Defendant did not determine that it did not have the service capability or service capacity to render emergency medical services and care to Plaintiff JAMES GARRY STOVALL.

d. Defendant did not offer to transfer Plaintiff to another hospital, inform Plaintiff or anyone legally responsible for Plaintiff or acting on his behalf of the risk of transfer, obtain Plaintiff's request for transfer, or obtain a physician certification of transfer pursuant to Florida Statutes Sections 395.1041(c)2.-3.

e. Defendant did not ensure the provision of services to Plaintiff JAMES GARRY STOVALL within its service capability or make arrangements with another hospital, physicians, or otherwise to meet its service capability requirement. Alternatively, Defendant did not demonstrate to the Florida Agency for Health Care Administration that it lacked the ability to ensure such capability and had exhausted all reasonable efforts to ensure such capability through backup arrangements; or

f. Defendant did not determine whether an emergency medical condition existed or assist Plaintiff JAMES GARRY STOVALL in obtaining the services, including transportation services, at another facility in every way reasonable under the circumstances.

38. As a direct and proximate result of Defendant's above-referenced failures, Plaintiff JAMES GARRY STOVALL suffered personal harm, including without limitation bodily injury and resulting pain and suffering, disability, disfigurement, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing physical condition. These losses are permanent and continuing, and Plaintiff will suffer them in the future.

39. Section 395.1041(5)(b), Florida Statutes provides, in part:

> Any person who suffers personal harm as a result of a violation of this Section or the rules adopted hereunder may recover, in a civil action against the responsible hospital administrative or medical staff or personnel, damages, reasonable attorney fees, and other appropriate relief.

40. Plaintiff has retained the undersigned law firm to enforce all rights under Florida Statutes, Section 395.1041, and is obligated to pay counsel a reasonable fee for its work.

WHEREFORE, Plaintiff JAMES GARRY STOVALL demands judgment for compensatory and punitive damages, together with reasonable attorneys' fees, court costs and interest, against Defendant, demands a jury trial on all issues so triable, and seeks such other relief as the Court may deem just and proper under the circumstances.

### COUNT VI
### LOSS OF CONSORTIUM
### (Plaintiff REGINA STOVALL)

41. Plaintiff adopts and incorporates by reference all the allegations set forth in the Paragraphs 1 through 16 and 35 through 40 as though herein alleged.

42. As a result of the injuries to her husband, Plaintiff JAMES GARRY STOVALL, Plaintiff REGINA STOVALL has lost and been deprived of the care, comfort, society, companionship, attention, consortium, and services of her husband.

43. All conditions precedent for the filing of this cause of action either have been performed or have occurred, or have been waived.

WHEREFORE, Plaintiff, REGINA STOVALL demands judgment for compensatory and punitive damages, together with reasonable attorneys' fees, court costs and interest, against Defendant TRINITY COMMUNITY HOSPITAL, requests a trial by jury on all issues so triable, and seeks such other relief as the Court may deem just and proper under the circumstances.

## COUNT VII
## DENIAL OF TREATMENT FOR EMERGENCY MEDICAL CONDITION
## VIOLATION OF FLORIDA STATUTES §401.45
## (Plaintiff JAMES GARRY STOVALL)

44. Plaintiffs adopt and incorporate by reference all the allegations set forth in the Paragraphs 1 through 16, and further allege:

45. Defendant was required under Florida Statutes Section §401.45(1)(b) to provide treatment for any emergency medical condition that would deteriorate from failure to provide such treatment.

46. Defendant TRINITY COMMUNITY HOSPITAL, through its employees, agents, apparent agents, staff members, servants, or contractors, failed to provide treatment of any kind when Plaintiff JAMES GARRY STOVALL presented with worsening symptoms related to a poisonous snake bite. His condition continued to deteriorate after Defendant failed to provide treatment. Defendant's failure demonstrated a reckless disregard for the consequences so as to affect the life and health of Plaintiff JAMES GARRY STOVALL.

47. As a direct and proximate result of Defendant's above-referenced failures, Plaintiff JAMES GARRY STOVALL suffered personal harm, including without limitation bodily injury and resulting pain and suffering, disability, disfigurement, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing physical condition. These losses are permanent and continuing, and Plaintiff will suffer them in the future.

WHEREFORE, Plaintiff JAMES GARRY STOVALL demands judgment for compensatory and punitive damages, together with court costs and interest, against Defendant,

demands a jury trial on all issues so triable, and seeks such other relief as the Court may deem just and proper under the circumstances.

## COUNT VIII
## LOSS OF CONSORTIUM
## (Plaintiff REGINA STOVALL)

48. Plaintiff adopts and incorporates by reference all the allegations set forth in the Paragraphs 1 through 16 and 44 through 47 as though herein alleged.

49. As a result of the injuries to her husband, Plaintiff JAMES GARRY STOVALL, Plaintiff REGINA STOVALL has lost and been deprived of the care, comfort, society, companionship, attention, consortium, and services of her husband.

50. All conditions precedent for the filing of this cause of action either have been performed or have occurred, or have been waived.

WHEREFORE, Plaintiff, REGINA STOVALL demands judgment for compensatory and punitive damages, together with court costs and interest, against Defendant TRINITY COMMUNITY HOSPITAL, requests a trial by jury on all issues so triable, and seeks such other relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

TERRELL HOGAN ELLIS YEGELWEL, P.A.

_____
CHRIS HAND, ESQ.
Florida Bar No. 0692921
8th Floor, Blackstone Building
233 East Bay Street
Jacksonville, Florida 32202
Phone: (904) 632-2424
**Attorneys for Plaintiffs**

13