IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES GARRY STOVALL and
REGINA STOVALL, his wife,

      Plaintiffs,

vs.                            CASE NO.: 3:09-CV-835-J-34-JRK

H.C. HEALTHCARE, INC., a Florida
corporation d/b/a TRINITY COMMUNITY
HOSPITAL,

      Defendant.

_____/

## DEFENDANT, H.C. HEALTHCARE, INC., d/b/a TRINITY COMMUNITY HOSPITAL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, H.C. HEALTHCARE, INC. d/b/a TRINITY COMMUNITY HOSPITAL, by and through undersigned counsel, responds to plaintiffs' Amended Complaint by responding to correspondingly numbered paragraphs of that Amended Complaint as follows:

    1.     Admitted for jurisdictional purposes only.

    2.     Without knowledge; therefore, denied.

    3.     Admitted.

    4.     Admitted for jurisdictional purposes only.

    5.     Admitted for jurisdictional purposes only.

6.      Admitted Defendant resided in this judicial district and would be subject to personal jurisdiction for this reason; otherwise, denied.

7.      Admitted.

8.      Without knowledge; therefore, denied.

## General Allegations

9.      Without knowledge; therefore, denied.

10.     Without knowledge; therefore, denied.

11.     Without knowledge; therefore, denied.

12.     Without knowledge; therefore, denied.

13.     Admitted Dr. Park was a medical doctor licensed by the State of Florida; otherwise, denied.

14.     Denied.

15.     Without knowledge; therefore, denied.

16.     Admitted plaintiff was treated by emergency personnel and flown by helicopter to Shands Jacksonville Medical Center in Jacksonville, Florida where he was admitted and treated; otherwise, denied.

## COUNT I

17.     Defendant realleges its responses to the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

18.     Denied.

19.     Denied.

20.     Denied.

Defendant responds to the last unnumbered paragraph contained in this count and denies it is liable to plaintiffs in any sum or manner whatsoever.

## COUNT II

21.     Defendant realleges its responses to the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22.     Without knowledge; therefore, denied.

23.     Without knowledge; therefore, denied.

Defendant responds to the last unnumbered paragraph contained in this count and denies it is liable to plaintiffs in any sum or manner whatsoever.

## COUNT III

24.     Defendant realleges its responses to the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied, including subparts (a) through (e).

31.     Denied.

Defendant responds to the last unnumbered paragraph contained in this count and denies it is liable to plaintiffs in any sum or manner whatsoever.

## COUNT IV

32.    Defendant realleges its responses to the allegations contained in paragraphs 1 through 20 and 24 through 31 as though fully set forth herein.

33.    Without knowledge; therefore, denied.

34.    Without knowledge; therefore, denied.

Defendant responds to the last unnumbered paragraph contained in this count and denies it is liable to plaintiffs in any sum or manner whatsoever.

## COUNT V

35.    Defendant realleges its responses to the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

36.    Without knowledge; therefore, denied

37.    Denied, including subparts (a) through (f).

38.    Denied.

39.    This statute speaks for itself.

40.    Without knowledge; therefore, denied.

Defendant responds to the last unnumbered paragraph contained in this count and denies it is liable to plaintiffs in any sum or manner whatsoever.

## COUNT VI

41.    Defendant realleges its responses to the allegations contained in paragraphs 1 through 16 and 35 through 40 as though fully set forth herein.

42.    Without knowledge; therefore, denied.

43.    Without knowledge; therefore, denied.

Defendant responds to the last unnumbered paragraph contained in this count and denies it is liable to plaintiffs in any sum or manner whatsoever.

## COUNT VII

44.    Defendant realleges its responses to the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

45.    Denied.

46.    Denied.

47.    Denied.

Defendant responds to the last unnumbered paragraph contained in this count and denies it is liable to plaintiffs in any sum or manner whatsoever.

## COUNT VIII

48.    Defendant realleges its responses to the allegations contained in paragraphs 1 through 16 and 44 through 47 as though fully set forth herein.

49.    Without knowledge; therefore, denied.

50.    Without knowledge; therefore, denied.

Defendant responds to the last unnumbered paragraph contained in this count and denies it is liable to plaintiffs in any sum or manner whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendant owed nor breached any duty to plaintiff, statutory or otherwise.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to allege sufficient facts to find a violation of 42 USC §1395dd, §395.1041 or §401. 45, Fla. Stat.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff James Garry Stovall was guilty of negligence which was the proximate cause of his injuries, and therefore the damages, if any, which might be recovered by this cause of action should be reduced in proportion to the amount of plaintiff James Garry Stovall's own negligence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, and to the extent they have failed to mitigate their damages, plaintiffs' damages should be reduced or barred.

## FIFTH AFFIRMATIVE DEFENSE

Any injuries allegedly suffered by the plaintiffs and complained of by plaintiffs herein, were the result of actions or omissions on the part of third persons over whom Defendant has no control, and for whom Defendant is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

If found to be at fault, and if that fault is a legal cause of the plaintiffs' injuries, Defendant cannot be held liable to plaintiffs for any more than its percentage of fault pursuant to Section 768.81(3), Florida Statutes.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to receive as a set-off against any judgment awarded to the Plaintiffs, any payments received or to be received in the future from any collateral source as is permitted by Section 768.76, Florida Statutes.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that any damages suffered by the Plaintiff is the result of superseding, independent or intervening causes, or are the results of yet unknown causes over which these Defendants have no control and for which Defendants are not responsible.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were the result of natural disease progression, over which this Defendant had no control and was not caused of contributed to by any actions or inactions on the part of this defendant.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred by the statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with conditions precedent to filing this action.

### TWELTH AFFIRMATIVE DEFENSE

Plaintiff does not state a claim for punitive damages.

FULLER, MITCHELL, HOOD
& STEPHENS, LLC

S. WILLIAM FULLER, JR.
Florida Bar No.: 131557
wfuller@fmhslaw.com
HALLEY M. STEPHENS
Trial Counsel
Florida Bar No.: 0154725
hstephens@fmhslaw.com
2565 Barrington Circle
Tallahassee, FL 32308
Telephone: (850) 222-0770
Facsimile: (850) 222-0760
Attorneys for H.C. Healthcare, Inc.,
d/b/a Trinity Community Hospital

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

provided electronically and via U.S. Mail to: **Chris Hand, Esquire**, Terrell, Hogan, Ellis,

Yegelwel, P.A., 8th Floor, Blackstone Building, 233 East Bay Street, Jacksonville,

Florida, 32202, dated this _____ day of December, 2009.

Halley M. Stephens